UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-CV-04515 DSR                                    Date: August 13, 2026

Title     LOVEJEET SINGH v. ERNESTO SANTACRUZ JR., ET AL.


Present: The Honorable:  Daniel S. Roberts, United States Magistrate Judge


| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |


**Proceedings:**          (IN CHAMBERS) **ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DOC NO. 3) WITHOUT PREJUDICE**

Petitioner Lovejeet Singh is a citizen and national of India, presently detained at the Adelanto ICE Processing Center.  On December 17, 2025, he filed his first Petition for Writ of Habeas Corpus and an emergency motion for Temporary Restraining Order ("TRO") seeking his immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge.  See Case No. EDCV 25-3434 FLA (DSR) (hereinafter "Case No. EDCV 25-3434"), Doc. Nos. 1, 3.  The assigned District Judge in that case ordered briefing on the request for TRO, and on January 7, 2026, granted the request and enjoined the Respondents (1) from "continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a)" and (2) from "transferring, relocating, or removing Petitioner from the Central District of California pending the final resolution of this action, absent further order by this court."  Doc. No. 7 in Case No. EDCV 25-3434.  Respondents then gave Petitioner the ordered bond hearing, but the Immigration Judge denied bond on the merits.  See Doc. No. 8 in Case No. EDCV 25-3434.  The parties then disagreed whether that habeas case was moot, and proceeded to brief the underlying Petition on the merits.  See Doc. Nos. 11 (Answer) and 12 (Reply) in Case No. EDCV 25-3434.  Before the Court could enter a final ruling in that case, however, the parties filed a Joint Stipulation for voluntary dismissal of that case without prejudice on August 5, 2026.  See Doc. No. 15 in Case No. EDCV 25-3434.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-CV-04515 DSR                                    Date: August 13, 2026

Title        LOVEJEET SINGH v. ERNESTO SANTACRUZ JR., ET AL.


Only six days later, Petitioner (now with different counsel) filed the above-captioned case, a second Petition for Writ of Habeas Corpus seeking the exact same relief Petitioner sought in Case No. EDCV 25-3434, which he had voluntarily dismissed less than a week prior.  See Pet., Doc. No. 1.[1]  Concurrently with that second Petition, he again filed an Ex Parte Application for TRO.  See Ex Parte Appl., Doc. No. 3.  This time, however, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  See Doc. No. 4.  In light of the TRO application, the case became fully consented 24 hours later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. 7.  The Court finds the Ex Parte Application appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Local Civil Rule 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

Due to the influx of Petitions for Writs of Habeas Corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05.  See Doc. No. 6.  The General Order provides an expedited briefing schedule on Petitions like the one in this case.  Id. at ECF pp. 2, 5.  The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  Id. at ECF p. 5.

Petitioner asserts that temporary injunctive relief is warranted for three reasons: (1) "because the deprivation of liberty challenged in the Petition is ongoing and inflicts irreparable harm each day," (2) "because Petitioner's documented cardiac abnormality remains unevaluated," and (3) "because the order that previously barred his transfer out of this District lapsed upon the dismissal of the prior action, leaving Respondents free to transfer him at any time and thereby to defeat this Court's jurisdiction over his immediate custodian."  Doc. No. 3 at 3:4-8.

---

[1]        Unless specifically noted as being from Case No. EDCV 25-3434, all docket references herein are to documents in the above-captioned case, No. EDCV 26-4515 DSR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-CV-04515 DSR _____ Date: August 13, 2026 _____

Title      LOVEJEET SINGH v. ERNESTO SANTACRUZ JR., ET AL. _____

Such facts do not constitute an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule" as required under the General Order.  See Doc. No. 6 at ECF p. 6.  As to the first reason Petitioner offers – ongoing deprivation of liberty by detention – as another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO."  Haiyan Wang v. Warden, 5:26-cv-01595-DFM, 2026 WL 931095, at *1 (C.D. Cal. Apr. 2, 2026).  While the Court does not discount the harm of each day of allegedly unlawful detention does to a person, the Court has before it a large number of habeas petitioners facing the same situation, and Petitioner here has not shown in his Ex Parte Application any reason why he should go to the head of that line.

As to the second reason Petitioner asserts – the cardiac abnormality – the only evidence he provides on that point is that he had electrocardiograms (ECG) on May 19, 2026, and June 9, 2026, while in custody at the ICE detention facility, which showed "sinus tachycardia" and "T wave abnormality."  See Ex. "I" to Decl. of Muhammad Asfandyar, Doc. No. 3-2 at ECF pp. 45-48.  Petitioner provides no evidence about what that means, however.  More importantly, he does not explain why such information from two months ago (and before Petitioner voluntarily dismissed his prior habeas petition) warrants consideration of this new case sooner than under the expedited schedule pursuant to the General Order, and sooner than every other immigration detainee seeking habeas relief from this Court.

Finally, Petitioner's third basis for emergency consideration of his request for injunctive relief – that "the order that previously barred his transfer out of this District lapsed upon the dismissal of the prior action, leaving Respondents free to transfer him at any time" – fails to justify ex parte relief for at least two reasons.  First, that condition exists only because Petitioner voluntarily dismissed the prior action last week.  A party cannot create its own emergency to justify ex parte relief.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)  (to justify ex parte relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.").  Second, the risk of transfer is already addressed in General Order 26-05, which requires that during the pendency of this case, "the government shall provide at least two court days' notice to the petitioner, his or her counsel, and the Court of its intent to remove the Petitioner from the Central District of California."  Doc. No. 6 at ECF pp. 2, 6.  No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-CV-04515 DSR                                    Date: August 13, 2026

Title      LOVEJEET SINGH v. ERNESTO SANTACRUZ JR., ET AL.

such notice has yet been provided in this case.  For both of these reasons, Petitioner's third basis for emergency consideration of his request for immediate release from detention also fails to justify ex parte relief.

Therefore, the Ex Parte Application for Temporary Restraining Order is **DENIED** without prejudice.  An Order to Show Cause re Preliminary Injunction is unnecessary, as the Court has already ordered Respondents to show cause why the writ of habeas corpus should not be granted in an Answer to the Petition due no later than August 18, 2026.  See Doc. No. 6 at ECF pp. 1-2.  Petitioner's Reply is due no later than three days after the Answer is filed, after which the matter will stand submitted for final disposition.

**IT IS SO ORDERED.**

|   |   |
|---|---|
|   | : |
| **Initials of Preparer** | LK |