UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEJEET SINGH,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ JR., et al.,<br>Respondents. | No. 5:26-cv-04515-DSR<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE** |

## 1. INTRODUCTION AND PROCEDURAL BACKGROUND

On August 11, 2026, Petitioner Lovejeet Singh ("Petitioner"), a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since December 4, 2025, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of, inter alia, his right to due process. See Doc. No. 1. The Petition names as Respondents the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, the U.S. Department of Homeland Security, the Director of the U.S. Department of Homeland Security, the Director of ICE, the Director of the Los Angeles Field Office of Ice, and the Attorney General of the United States, each in his or her official capacity (collectively "Respondents"). Id. Petitioner seeks relief in the form of a Writ ordering his immediate release from immigration custody under the conditions of supervision imposed upon him prior to his December 2025 re-detention, as well as an order enjoining Respondents from re-detaining him

absent notice and a pre-deprivation hearing before a neutral decisionmaker. Id., prayer ¶¶ b, c.[1]

Concurrently with filing the Petition, Petitioner also voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 4. The case became fully consented the following day[2] pursuant to the United States Attorney Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 7.

Also on August 11th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 6. On August 18, 2026, Respondents filed their Answer to the Petition. See Doc. No. 10. Therein, Respondents state that they "are not presenting an opposition argument to the merits of Petitioner's detention at this time." Id. at 2:6-7. They do, however, "oppose any relief of requiring a 'pre-deprivation' custody regermination hearing." Id. at 2:9-10. Petitioner filed his Reply on August 21, 2026. See Doc. No. 11. After consideration of all papers timely filed, the Court **GRANTS** the Petition for Writ of Habeas Corpus.

## 2. FACTUAL BACKGROUND

A petition "for writ of habeas corpus shall be in writing, signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Petition here is unverified in violation of this requirement. See generally Pet. Petitioner did provide, however, a sworn Declaration of his

---

[1] Petitioner also alleges his detention violates his substantive due process rights, as well as provisions of the Immigration and Nationality Act. Because the Court finds that he is entitled to release on his procedural due process claim, it is unnecessary to evaluate also his other, alternative, bases for writ relief.

[2] Because Petitioner filed an application for a temporary restraining order concurrently with the petition, the deadline for Respondents to file notice of withdrawal of consent expired 24 hours after service of the Petition and Application. See General Order 26-05 at 2.

counsel (i.e., "someone acting on his behalf") concurrently with the Petition in the form of the Declaration of Muhammad Asfandyar in support of the TRO Application. See Doc. No. 3-2. Moreover, Respondents do not dispute in their Answer any of the factual allegations in the Petition. See generally Doc. No. 10. Therefore, the Court cites to that Declaration, as well as the Court's docket from an earlier habeas case by Petitioner, for the background facts of this matter.

Petitioner is a native and citizen of India. See Asfandyar Decl. at ¶ 4. The Court assumes that at some point he was detained by immigration officials, because the Declaration states that Petitioner was released from immigration custody by Respondents pursuant to an Order of Release on Recognizance ("ROR") on or about January 29, 2024. Id. at ¶ 5. For nearly two years thereafter, Petitioner lived at liberty within the United States. Id. Petitioner contends that he has no criminal convictions or pending criminal charges, with only a traffic citation from May 11, 2025, on his record. Id. at ¶ 4. On or about December 4, 2025, however, Petitioner was re-detained by ICE at his scheduled ICE check-in. Id. at ¶ 5. Since that date, Petitioner has been detained continuously at the Adelanto ICE Processing Center. Id.

On December 17, 2025, a habeas petition styled as Singh v. Santacruz Jr., No. 5:25-cv-03434-FLA-DSR was filed. Id. at ¶ 6; see also Court Docket in Case No. 5:25-cv-03434-FLA-DSR. On January 7, 2026, the District Court preliminarily enjoined Respondents from continuing to detain Petitioner unless he was provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). See Doc. No. 7 in Case No. 5:25-cv-03434-FLA-DSR. A bond hearing was subsequently conducted on January 14, 2026, where the immigration judge denied bond. See Asfandyar Decl. at ¶ 8. On June 10, 2026, Petitioner was seemingly provided a Rodriguez bond hearing, at which bond was also denied. Id. at ¶ 9. Petitioner voluntarily dismissed Case No. 5:25-cv-03434-FLA-DSR without prejudice on August 5, 2026, before the Court ruled on the merits of that Petition. Id. at ¶ 10.

On June 16, 2026, an Immigration Judge ordered Petitioner removed from the United States. Id. at Ex. F. An appeal of that order is presently pending before the Board of Immigration Appeals. Id. at Ex. G.

## 3. LEGAL STANDARD

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here.

## 4. DISCUSSION

### A. It is Undisputed that Petitioner's Re-Detention Violated Due Process, and Petitioner Therefore is Entitled to Immediate Release

As noted above, Respondents do not oppose the immediate release of Petitioner. See Answer (Doc. No. 10) at 2:6-7. They have no "opposition argument to the merits of Petitioner's detention at this time.[3] Id. They oppose the Petition only insofar as it seeks relief "requiring a 'pre-deprivation' custody redetermination hearing." Id. at 2:7-10.

---

[3] What Respondents mean by "at this time" is uncertain. The Answer was their time to offer any opposition to the Petition. See Doc. No. 6 at 1:23-2:6 (directing "Respondents to show cause why the writ of habeas corpus should not be granted" and making their Answer due no later than seven days from the date of that Order).

Therefore, it is uncontested that the revocation of Petitioner's ROR release and resulting December 4th re-detention violated his due process rights, and that Petitioner therefore is entitled to a writ ordering his immediate release. There also is no dispute over Petitioner's request that Respondents be enjoined from imposing additional conditions on Petitioner's release (beyond those in place immediately before his December 4, 2025 re-detention) absent due process. This does not mean that Respondents can never change the conditions of Petitioner's release – only that they have to follow due process in doing so. The Court therefore orders Petitioner's immediate release, subject only to the conditions that were in place prior to his December 4, 2025, re-detention.

**B. Petitioner is Also Entitled to an Injunction Barring Respondents From Again Re-Detaining Him Without Due Process of Law**

The only contested part of this case is whether an order for immediate release subject only to the conditions in place prior to Petitioner's December 4, 2025, re-detention is sufficient, or whether Petitioner also is entitled to the prospective injunctive relief barring re-arrest and re-detention without due process of law that he also requests in his Petition. Petitioner requests that the Court enjoin "Respondents from re-detaining Petitioner following any release unless his re-detention is ordered at a custody hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community." Pet. at prayer ¶ c. Respondents object to such relief. Notwithstanding such objection, which is discussed below, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained. See Perez Bueno v. Janecka, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *4 (C.D. Cal. Feb. 5, 2026) (ordering that the petitioner be released from immigration detention and that he not be re-detained without a pre-deprivation hearing); Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be

provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)).

Habeas relief is not limited to "discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." Carafas v. LaVallee, 391 U.S. 234, 239 (1968). Title 28 U.S.C. § 2243 expressly provides that "[t]he court shall . . . dispose of the matter as law and justice require." And a permanent injunction may be entered, at the discretion of the District Court, where a petitioner shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006).

The Court finds Petitioner has made such a showing here. First, it is uncontested that Petitioner has suffered an irreparable injury by being re-detained without due process of law. He would again if Respondents repeat such conduct. There is no indication, either generally or in Respondents' Answer in this case, that Respondents' well-publicized efforts to detain non-citizens no longer pose a threat to Petitioner of a repeat of the same unconstitutional re-detention as occurred on December 4, 2025. Second, legal remedies such as damages would be inadequate to cure the unconstitutional loss of his liberty while Petitioner is in detention awaiting court action on another habeas petition again challenging the deprivation of his due process rights. And finally, the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they again seek to re-detain Petitioner, versus forcing Petitioner again to suffer

detention and sue to win his release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing. Thus, a permanent injunction prohibiting Respondents from repeating the same unconstitutional re-detention of Petitioner that necessitated this habeas case – re-detention without notice and an opportunity to be heard – is appropriate in order to dispose of this Petition as law and justice require.

**C. Respondents' Objection to Such Injunctive Relief is Not Persuasive**

Respondents object to the Court enjoining them from again re-detaining Petitioner without notice or an opportunity to be heard based on the assertion that Immigration Judges, "as representatives of the Attorney General," (who is a named Respondent in this case) possess only the powers authorized by Congress and then delegated to them by the Attorney General, and the ability to conduct a pre-deprivation hearing is not among those powers. See Answer at 2-3. They therefore argue that "any 'pre-deprivation' hearing would be ultra vires and void ab initio as there would be no legal authority for the Immigration Judge to make the decision." Id. at 2:13-16. Respondents continue: "[t]his Court cannot issue regulations to give Immigration Judges additional authorities," and "[a]n Immigration Judge is in fact not free to conduct the hearing as recommended by an order resolving this habeas petition." Id. at 3:2-3, 3:11-12.

Petitioner does not request, however, an injunction specifically requiring an Immigration Judge to conduct a pre-deprivation hearing, and that is not the relief the Court orders here. Petitioner makes this point explicit in his Reply. See Reply (Doc. No. 11) at 3:9-13. What Petitioner requests, and the Court finds is necessary, is a prohibitory injunction barring Respondents from re-detaining Petitioner without constitutional safeguards, specifically pre-deprivation notice and an opportunity to be heard by a neutral decisionmaker on the grounds for revocation of Petitioner's ROR and re-detention. The Court does not mandate that an Immigration Judge take action that Respondents assert such officers do not have.

Rather, the Court orders that Respondents be prohibited from again depriving Petitioner of his constitutionally protected liberty interest without due process of law.

Respondents ultimately argue that "it is legally impossible for DHS to abide by an order enjoining Respondents from re-detaining petitioner until **after** he is provided with 'pre-deprivation notice and a hearing before a neutral adjudicator.'" Answer at 3:12-15. To the extent they mean to argue that they have no statutory or administrative ability to comply with the Due Process Clause by providing notice and an opportunity to be heard before depriving a person of his or her constitutionally protected liberty interest, that does not mean that they cannot comply with the permanent injunction – it means that they cannot then re-arrest or re-detain Petitioner. The permanent injunction conditionally prohibits re-detention – Respondents may not re-detain Petitioner unless they comply with due process guaranteed by the Fifth Amendment. The permanent injunction does not mandate that an Immigration Judge conduct a hearing Respondents contend he or she cannot conduct.

Finally, to the extent that Respondents mean to argue that they should be free to deprive people of their constitutionally protected liberty interest without due process of law because they (Respondents) have not put in place any constitutionally adequate process for such deprivation, such argument is unpersuasive. The Constitution is clear: "No person shall be … deprived of life, liberty, or property, without due process of law … ." U.S. Const. amend. V. If Respondents do not have a process in place by which they can comply with the Constitution in re-detaining Petitioner, then the solution is not to set aside the Constitution and permit Respondents to continue to violate it. The solution is instead to prohibit the re-detention until Respondents can provide a constitutionally adequate process. While enforcement of the nation's immigration laws is an important interest, it must be done in compliance with the Constitution.

The Constitution is the supreme law of the land, and trumps any inconsistent desire to detain people in a manner that does not comply with the Due Process Clause of its Fifth Amendment.

Respondents' arguments against enjoining them from repeating their unconstitutional conduct against Petitioner are unpersuasive. The Court therefore finds it appropriate to enter a permanent injunction to ensure Respondents do not again deprive Petitioner of his constitutionally protected liberty interest without due process of law.

**5. ORDER**

Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a writ of habeas corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release, subject only to the same conditions as existed before his December 4, 2025, detention.

**IT IS THEREFORE ORDERED** that:

(A) The Petition for Writ of Habeas Corpus is **GRANTED**.

(B) Respondents shall immediately release Petitioner **LOVEJEET SINGH (A-245-771-939)** from custody, reinstate his release under the same conditions that were in place before his re-detention on December 4, 2025, and return any personal property and documents seized at the time of his re-detention.

(C) Respondents shall also provide Petitioner with a copy of this Order at or near the time of release.

(D) Within three days of the date of this Order, Respondents shall file a Status Report confirming Petitioner's release and return of his personal property and documents.

(E) Respondents are enjoined from re-detaining Petitioner without notice and a pre-detention hearing before a neutral decisionmaker on a material change in circumstances justifying revocation of Petitioner's release and re-detention of Petitioner.

The Court will enter Judgment on a separate form consistent with this Order.

IT IS SO ORDERED.

DATED: August 31, 2026

Dan Roberts

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE